Harper, J.
delivered the opinion of the Court.
The purpose of the defence, offered in this case, I understand not to have been to shew any breach of warranty, or that the land did not answer the description of the conveyance, which was at least delivered as an escrow, if not received.by defendant; but to shew, that the defendant was deceived by the representations of the plaintiff, made previously to the sale, as to the quality of the land, and particularly as to the proportion of swamp land. These misrepresentations are supposed to have been made in a letter, written by the plaintiff to the defendant, previously to the concluding of the contract.
The law which permits a purchaser to obtain an abatement in price, on account of such misrepresentations, which we have borrowed from the civil law, and the practice of Equity, is perhaps not very well settled. One rule, however, is, that a misrepresentation concerning that which is merely matter of opinion, as for example the quality of the soil, will not in title the purchaser to an abatement. So it might be with respect to the relative quantities of swamp and high land, if the representation purported to be made as matter of opinion, and not to be founded on a survey or other means of accurate information. It must also be made in such a way, that the party may be supposed to have acted on the faith of it in concluding the contract, without examining or judging for himself. The letter in question is not before us ; but we understand from the report of the Judge,thatit was in evidence, andthat he considered it “ as amere overture of sale, in which the defendant was invited to examine *271 the land.” If such was its character, we think it might have been properly rejected as evidence, and that the parol evidence to shew the incorrectness of its representation was properly rejected.
Whatever the representations of the letter were, we think the defendant must be concluded to have accepted the conveyance. The fact mentioned by the Judge, that he executed a mortgage of the land to the plaintiff, was not merely “ presumptive,” but conclusive. He was estopped by it, to deny that the title was in him. The conveyance is not before us, nor do we know it» terms or the description there given of the land, yet this is necessary to be proved, before we can judge of the merits of the defence offered by the defendant. We cannot perceive that there has been any error at the trial, and the motion must therefore be dismissed.